**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

MOLETECH GLOBAL HONG KONG LTD,

    Plaintiff,

v.

POJERY TRADING CO., POTTERY TRADING USA,

    Defendants.

No.  C 09-00027 SBA

**ORDER**

**[Docket No. 26]**

Before the Court is Defendant Pottery Trading USA, Inc. ("Pottery") "Motion to Quash Plaintiff Moletech Global Hong Kong Ltd.'s Service of Summons, and to Dismiss the Complaint." Having considered the motion, the briefs, the affidavits and exhibit, and for the reasons given below, the Court finds Plaintiff did not properly effectuate service on Pottery or Pojery.  Given the Court's broad discretion either to dismiss or retain the action when the plaintiff is unable to demonstrate effective service, the Court HEREBY QUASHES the service and permits the plaintiff to serve the defendants effectively.

**A.   Standard Governing Service on Corporation**

    **1.   Service on Domestic Corporations**

Federal Rule of Civil Procedure 4(h)(1)(B) states that a domestic corporation may be served: "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …" Fed. R. Civ. P. 4(h)(1)(B).  In the alternative, under Rule 4, service on a California corporation may be effectuated in accordance with California state law.  *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  Section 416.10 of the California Code of Civil Procedure provides that "a summons may be served on a corporation by delivering a copy of the summons and the complaint … [t]o the person designated as agent for service of process [or] [t]o the president, chief executive officer, or other head of a

corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager or person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10.  California law also permits substituted service on a person to be served as specified in Section 416.10 "by leaving a copy of the summons and complaint during usual office hours in his or her office … with the person who is apparently in charge thereof …" Cal. Code Civ. Proc. § 415.20(a).  "Plaintiffs must however be reasonably diligent in their attempts at direct service before substituted service is required." *Estate of Hong-Ming Lu v. Primax Wheel Corp.*, 2005 WL 807048, *3 (N.D. Cal. 2005).

### 2. Service on Foreign Corporations

Federal Rule of Civil Procedure 4(f)(2) governs service of foreign corporations that are located in countries such as Taiwan that are not signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  *See* Fed. R. Civ. P. 4(f), (h)(2); *see also Fugitsu Ltd. v. Nanya Tech. Corp.*, 2007 WL 484789 (N. D. Cal. 2007) (Because Taiwan is not a party to the Hague Convention, only subsection two of Rule 4(f) is applicable).

### 3. Plaintiff Bears the Burden of Proving Valid Service

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). Insufficient service can result in dismissal under Rule 12(b)(5). Once service of process has been challenged by the defendant, plaintiff bears the burden of proving valid service in accordance with Federal Rule of Civil Procedure 4.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid.").  The Court finds that Plaintiff has failed to meet this burden.

## B. Plaintiff Did Not Properly Effectuate Service on Pottery

### 1. Plaintiff Did Not Serve Pottery's Agent or Officer

The Proof of Service filed by Plaintiff does not show that Plaintiff served the Summons and Complaint on any of Pottery's officers, managing or general agents, or any other agent authorized by appointment or by law to receive service of process on behalf of Pottery.  Rather, the Proof of Service shows that the Summons and Complaint were served on Ruth Braida.  The undisputed

2

1 evidence shows that Ms. Braida is a Client Service Representative at Regus, a company which leases
2 Pottery's executive office to Pottery, and there is no evidence showing that she was Pottery's officer,
3 managing agent, or general agent, and also that she is not authorized to receive service of process on
4 behalf of Pottery.   Hence, Plaintiff did not effectuate service on Pottery under Rule 4(h)(1)(A).
5 Likewise, Plaintiff did not effectuate service on Pottery pursuant to California Code of Civil
6 Procedure § 416.10 as Ms. Braida is not Pottery's president, chief executive officer, vice president,
7 secretary, assistant secretary, treasurer, assistant treasurer, controller chief financial officer, or
8 general manager.

**2.     Plaintiff Did Not Effectuate Substituted Service on Pottery**

10      California law requires Plaintiff to show that it was reasonably diligent in its attempts at
11 direct service before substitute service is permitted. *See Estate of Hong-Ming Lu*, 2005 WL 807048,
12 at *3.  Here, the Proof of Service filed by Plaintiff does not contain any representation of due
13 diligence by the process server, and omits a declaration that the process server "made at least three
14 (3) attempts to serve the defendant".  Therefore, Plaintiff's attempted substituted service is invalid.
15      Even had Plaintiff diligently attempted to personally serve Pottery's officers or registered
16 service agent before resorting to substituted service, the attempted substituted service would still not
17 be effective under California Code of Civil Procedure § 415.20.  Section 415.20(a) permits
18 substituted service to be effected on the corporation by leaving a copy of the summons with a person
19 who is apparently in charge of the corporation's office.  Cal. Code Civ. Proc. § 415.20(a).  Ms.
20 Braida has affirmatively testified that she is not in February 27, 2009charge of Pottery's San Diego
21 office, and there is no evidence showing that she is even known to anyone at Pottery.  Thus, she is
22 not a person in charge of Pottery's San Diego office for purposes of effectuating service. *See, e.g.,*
23 *Chapman v. U.S. Equal Employment Opportunity Commission*, 2008 WL 782599, *3 (N.D. Cal.
24 Mar. 24, 2008) (finding that there were was insufficient service of process because the papers served
25 by the plaintiff were given to a clerical employee who had no authority to receive service of
26 process).
27      However, California courts have upheld substituted service where the defendants' usual
28 mailing address was a private post office box, and allowed leaving the summons and complaint with

3

1  a manager who knew the defendants and whose duty it was to deliver mail to the defendants. *Ellard*
2  *v. Conway*, 94 Cal. App. 4th 540, 546-547 (2001).  In addition, under *Direct Mail Specialists Inc. v.*
3  *Eclat Computerized Technologies, Inc.*, 840 F.2d 685 (9th Cir. 1988), process can be effectuated on
4  someone "so someone 'so integrated that he will know what to do with the papers'."
5   There is nothing in the record evidence to suggest Ms. Braida was "so integrated" with
6  Pottery that she would know what to do with the papers.  She collects mail and makes it available
7  for a Pottery representative to pick up once a month. Plaintiff failed to effectuate substituted service.

### C. Plaintiff Did Not Effectuate Service on Pojery

9  In its Opposition, Moletech claims that it properly served the Summons and Complaint on
10 Pojery Trading Co., Ltd. by having a private individual deliver the Summons and Complaint to a
11 receptionist at Pojery's address in Taiwan.  (Opp. at 3:26-4:21).   In response, Defendants have
12 submitted evidence that the receptionist in question was not Pojery's employee.  Even assuming
13 arguendo that the papers had been delivered to a receptionist employed by Pojery, though they were
14 not, the delivery of documents to the *receptionist* of a Taiwanese corporation by a private process
15 server does not constitute valid service under Taiwanese law as interpreted by federal courts. Article
16 131 of the Taiwanese Code of Civil Procedure provides that "[i]n an action regarding a business,
17 service may be effectuated upon the manager." Additionally, Article 137 allows service to be
18 effectuated by leaving the papers with a housemate or employee of the person to be served "[w]hen
19 the person to be served cannot be found in his/her domicile/residence, office, or place of business."
20 *Emine Technology Co., Ltd. v. Aten Intern. Co., Ltd.*  2008 WL 5000526, 5 (N.D.Cal. 2008).
21 Hence, the Court quashes Plaintiff's attempted service on Pojery.

### D. The Court's Discretion to Award Relief

23 When granting a Rule 12(b)(5) motion, federal courts have broad discretion to dismiss the
24 action or to retain the case but to quash the service that has been made on the defendant. *Stevens v.*
25 *Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("The choice between dismissal and
26 quashing service of process is in the district court's discretion."). "Dismissal of a complaint is
27 inappropriate when there exists a reasonable prospect that service may yet be obtained.  In such
28 instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper

4

service.  *Umbenhauer v. Woog,* 969 F.2d 25, 30 -31 (3rd Cir. 1992)(citing, *inter alia*, 5AB Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (2004)).  There is nothing in the record to indicate that proper service is impossible to effectuate, and the Court will not dismiss the complaint for ineffective service.

For the reasons stated above, the Court finds insufficient service of the summons on Defendant Pottery Trading USA, Inc. and Pojery Trading Co., Ltd. and exercises its discretion to GRANT the Motion to Quash and DENY the Motion to Dismiss under Fed. R. Civ. P. 12(b)(5).

It is HEREBY ORDERED

Dated: 2/27/09

Saundra Brown Armstrong
United States District Judge